# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-24-102-G |
| | ) |
| TYLIN RAYSHAWN CHILDERS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Defendant Tylin Rayshawn Childers' Motion for Severance of Counts (Doc. No. 14). The Government has submitted a Response (Doc. No. 23), and the matter is now at issue.[1]

*I.     Background*

On March 5, 2024, a federal grand jury returned a two-count Indictment against Defendant. *See* Indictment (Doc. No. 1). Count One of the Indictment charges Defendant with false declaration before a court in violation of 18 U.S.C. § 1623(a) based on Defendant's alleged false testimony on December 6, 2023, during the jury trial of Defendant's brother, Otis Whitehead. *See id.* at 1-2. Specifically, Count One alleges that Defendant falsely testified that he did not know that Mr. Whitehead possessed a firearm on

---

[1] This matter was initially assigned to United States District Judge Bernard M. Jones. On May 14, 2024, Judge Jones granted Defendant's Motion for Severance of Counts pursuant to Federal Rule of Criminal Procedure 8(a) and severed Count One and Count Two of the Indictment for trial. *See* Doc. No. 26. Judge Jones later vacated the order severing the counts upon his recusal from this action, however. *See* Doc. Nos. 27, 28. Accordingly, Defendant's Motion for Severance of Counts remains pending and is ripe for consideration.

March 14, 2023.  *See id.*  Count Two of the Indictment charges that, on or about January 17, 2024, Defendant himself unlawfully possessed a firearm after having previously been convicted of a felony.  *See id.* at 2-3.

Defendant now moves to sever Count One and Count Two as improperly joined under Rule 8(a) of the Federal Rules of Criminal Procedure.  *See* Def.'s Mot. (Doc. No. 14) at 1-3.  Alternatively, Defendant moves to sever the counts under Rule 14(a) of the Federal Rules of Criminal Procedure, arguing that trying the counts together would prejudice Defendant.  *See id.* at 3.

## II.     Applicable Law

Rule 8(a) of the Federal Rules of Criminal Procedure authorizes the government to charge a defendant with two or more offenses in a single case, in certain circumstances. The Rule provides:

> The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a).  A defendant may challenge an indictment as defective due to improper joinder.  *See id.* R. 12(b)(3)(B)(iv) (requiring motion to be made prior to trial).

While district courts "should construe Rule 8 broadly to allow liberal joinder to enhance the efficiency of the judicial system," *United States v. Bagby*, 696 F.3d 1074, 1086 (10th Cir. 2012) (omission and internal quotation marks omitted), if charges are misjoined under Rule 8(a) the court must order separate trials of each.  *See United States v. Jakits*, No. 2:22-CR-194, 2023 WL 2431717, at *8 (S.D. Ohio Mar. 9, 2023) ("[I]f the

2

requirements of Rule 8(a) are not met, courts have 'no discretion on the question of severance. Severance in such a case is mandatory.'" (quoting *United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir. 1982))). Even when charges are properly joined, the district court may in its discretion order separate trials if the joinder would appear to prejudice the government or the defendant. *See* Fed. R. Crim. P. 14(a); *United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir. 1995).

   III.   *Discussion*

Defendant argues that Count One and Count Two should be severed because the counts are not of the same or similar character, are not based on the same act or transaction, and do not constitute parts of a common scheme or plan. *See* Def.'s Mot. at 1-2. In its Response, the Government concedes that the counts are not similar in character or part of the same act or transaction but argues that it was proper to charge the counts together because the counts are "loosely tied." Gov't's Resp. (Doc. No. 23) at 4. Specifically, the Government contends that there is evidence, in the form of Defendant's own statements to police, that both Defendant and his brother, Mr. Whitehead, possessed firearms in March of 2023. *See id.* at 4-5.[2] The Government represents that Defendant's prior statements about his own unlawful firearm possession in March of 2023 may be admissible under

---

[2] The Indictment alleges that Defendant unlawfully possessed a firearm on or about January 17, 2024. *See* Indictment at 2-3. The Government states in its Response that Defendant unlawfully possessed a firearm in December of 2023. *See* Gov't's Resp. at 4-5. The Government also states that "both men independently possessed a firearm on the date of their arrest in March 2023." *Id.* at 4 n.2. It appears that the Government's reference to firearm possession in December 2023 is erroneous and its responsive argument is based on the alleged firearm possession in March 2023.

Federal Rule of Evidence 404(b) to prove both Count One and Count Two, and so "[t]here is at least a common thread" between the charges. *Id.* at 5.

Rule 8(a) focuses on the offenses charged in an indictment and does not allow joinder on the basis of a common thread or the admissibility of the same evidence of prior acts under Federal Rule of Evidence 404(b). The Indictment alleges that Defendant falsely testified on December 6, 2023, about his brother's unlawful firearm possession in March of 2023, and further alleges that on or about January 17, 2024, Defendant himself unlawfully possessed a firearm. *See* Indictment at 1-3. The Indictment makes no reference to Defendant unlawfully possessing a firearm in March of 2023 and provides no logical connection between Defendant's alleged false testimony and alleged unlawful firearm possession.

Having reviewed the relevant filings, the Court discerns no common scheme or plan connecting Defendant's alleged false statement in December of 2023 regarding Mr. Whitehead's possession of a firearm, in March of 2023, to Defendant's own alleged firearm possession in January of 2024. The Court further agrees with the parties that the counts are not similar in character or part of the same act or transaction. *See* Gov't's Resp. at 4; Def.'s Mot. at 1-2. Accordingly, Counts One and Two are not properly joined under Rule 8(a) of the Federal Rules of Criminal Procedure and should be severed for trial. *See United States v. Wood*, No. 14-20065-01, 2016 WL 6680956, at *3 (D. Kan. Nov. 14, 2016); *United States v. Johnson*, No. 23-cr-180-JD (W.D. Okla. Oct. 6, 2023) (Doc. No. 59) (Min.

Entry).³  Because severance of Counts One and Two is warranted pursuant to Rule 8(a), the Court does not reach Defendant's alternative argument for severance pursuant to Rule 14(a).

## CONCLUSION

For the reasons explained above, the Court GRANTS Defendant's Motion for Severance of Counts (Doc. No. 14) and SEVERS Count One from Count Two for trial.

IT IS SO ORDERED this 29th day of May, 2024.

_____
CHARLES B. GOODWIN
United States District Judge

---

³ The Government ultimately states that while it would prefer to try Defendant in one case, it will defer to the Court's judgment as to whether Counts One and Two should be tried together or separately.  *See* Gov't's Resp. at 6-7.