# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CR-24-102-G |
| **TYLIN RAYSHAWN CHILDERS,** | ) ) ) |
| Defendant. | ) |

## ORDER

Defendant Tylin Rayshawn Childers was arraigned on March 18, 2024, and trial in this matter is currently set on the June 2024 docket. At the hearing held on May 29, 2024, the Court granted the Motion to Withdraw as Attorney of Record (Doc. No. 31), filed by Sammy Duncan, former counsel for Defendant. The Court relieved Ms. Duncan from further representation of Defendant in this matter and stated that new counsel would be appointed to represent Defendant. As a result, the Court finds that a 30-day continuance of the trial setting is necessary. Neither Defendant nor the Government objected to continuing this matter to the July 2024 trial docket at the hearing.

The Speedy Trial Act, 18 U.S.C. § 3161, provides that a person accused of a crime is generally entitled to a trial within 70 days of the filing of the charge or the accused's appearance on that charge. *Id.* § 3161(c)(1). When a continuance would cause a violation of the statutory time limit, a court may continue trial only if it finds that the period of delay is excludable under a specific provision of the Act. *Id.* § 3161(h). Any period of delay resulting from a continuance granted by a judge on his own motion is excludable "if the

judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A); *see also United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011) ("[18 U.S.C. § 3161(h)(7)(A)] permits a district court, sua sponte or upon motion, to continue a trial setting and exclude the delay, provided the court, after considering at a minimum the factors set forth in subsections (h)(7)(B)(i), (ii), and (iv), places on the record 'either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.'" (quoting 18 U.S.C. § 3161(h)(7)(A))).

Based on appointment of new counsel for Defendant, the Court finds that the ends of justice served by granting a continuance of the existing deadlines to allow Defendant and his new counsel to properly prepare for trial outweigh the best interests of the public and Defendant to an earlier trial setting. The Court further determines that the period of delay caused by the continuance is excludable for purposes of the Speedy Trial Act, under 18 U.S.C. § 3161(h)(7), on the basis that the failure to grant a continuance would deny counsel the time reasonably necessary for effective preparation, taking into account the exercise of due diligence.

Accordingly, this matter is hereby STRICKEN from the Court's June 2024 trial docket and is CONTINUED to the **July 2024 trial docket**, which is scheduled to begin July 9, 2024. All remaining pretrial deadlines are hereby reset in accordance with the Federal Rules of Criminal Procedure and this Court's Local Criminal Rules.

IT IS SO ORDERED this 30th day of May, 2024.

*[Signature: Charles B. Goodwin]*

CHARLES B. GOODWIN
United States District Judge