UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-24-102-G |
| | ) |
| TYLIN RAYSHAWN CHILDERS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Now before the Court is Defendant Tylin Rayshawn Childers' Motion to Disqualify (Doc. No. 50), seeking to disqualify Assistant United States Attorney Jason M. Harley ("AUSA Harley") and the United States Attorney's Office for the Western District of Oklahoma from participating in this case. The Government has submitted a Response in Opposition (Doc. No. 54) and has also filed a Motion to Quash (Doc. No. 55), seeking an order quashing the subpoena that Defendant has served upon AUSA Harley. Defendant did not respond to the Government's Motion to Quash within the time prescribed by the Court's Local Criminal Rules. *See* LCrR 12.1(b). Having considered the relevant filings, the Court makes its determination.

*I.   Background*

On March 5, 2024, a federal grand jury returned an Indictment charging Defendant with two crimes. *See* Indictment (Doc. No. 1). Count One of the Indictment charges Defendant with making a false declaration before a court in violation of 18 U.S.C. § 1623(a) based on Defendant's allegedly false testimony on December 6, 2023, during the

jury trial of Defendant's brother, Otis Whitehead. *See id.* at 1-2. Specifically, Count One alleges that Defendant falsely testified that he did not know that Mr. Whitehead possessed a firearm on March 14, 2023. *See id.* Count Two of the Indictment charges that, on or about January 17, 2024, Defendant himself unlawfully possessed a firearm after having previously been convicted of a felony. *See id.* at 2-3.[1]

AUSA Harley was the lead prosecutor in the criminal case against Otis Whitehead. Def.'s Mot. (Doc. No. 50) at 1-2. At Mr. Whitehead's jury trial, AUSA Harley called Defendant as a witness in the Government's case-in-chief. *Id.* It was during that testimony that Defendant allegedly made the false declaration charged in Count One. *See id.*

AUSA Harley is also the lead prosecutor in this case. On or about June 28, 2024, Defendant served AUSA Harley with a subpoena to testify at Defendant's trial on Count One. *See* Subpoena (Doc. No. 48).

## II.   *Defendant's Motion to Disqualify*

In the Motion to Disqualify, Defendant asserts that AUSA Harley should be disqualified from participating in this prosecution pursuant to Rule 1.7 and Rule 3.7 of the Oklahoma Rules of Professional Conduct, arguing that AUSA Harley is a necessary witness in this matter and is laboring under a concurrent conflict of interest. *See* Def.'s Mot. at 3-4. Defendant further argues that AUSA Harley's alleged conflict is imputed to the United States Attorney's Office for the Western District of Oklahoma, and so the entire

---

[1] On May 29, 2024, the Court granted Defendant's Motion for Severance (Doc. No. 14), severing Count One and Count Two of the Indictment for trial. *See* Order of May 29, 2024 (Doc. No. 33).

office should also be disqualified from participating in Defendant's prosecution pursuant to Oklahoma Rule of Professional Conduct 1.10. *See id.* at 5.

    A. *Applicable Law*

The determination as to whether an attorney should be disqualified is "committed to the discretion of the court." *Foltz v. Columbia Cas. Co.*, No. CIV-15-1144-D, 2016 WL 4734687, at *2 (W.D. Okla. Sept. 9, 2016) (citing *Weeks v. Indep. Sch. Dist. No. I-89 of Okla. Cnty.*, 230 F.3d 1201, 1211 (10th Cir. 2000)); *accord Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994). Motions seeking the disqualification of opposing counsel are "viewed with suspicion," however, "and the Court must guard against the possibility that disqualification is sought to secure a tactical advantage in the proceedings." *Foltz*, 2016 WL 4734687, at *2 (internal quotation marks omitted).

Two sources of authority govern motions to disqualify. *Cole*, 43 F.3d at 1383. First, district courts consider "the local rules of the court in which [the attorneys] appear." *Id.* This Court has adopted the Oklahoma Rules of Professional Conduct as its governing standard of attorney conduct. *See* LCvR 83.6(b); LCrR 57.2; *see also* Okla. Stat. tit. 5, ch. 1, app. 3-A. Second, motions to disqualify are "decided by applying standards developed under federal law" and are therefore governed "by the ethical rules announced by the national profession and considered in light of the public interest and the litigants' rights." *Cole*, 43 F.3d at 1383 (internal quotation marks omitted).[2]

---

[2] "[A]lthough federal courts must consult state rules of professional conduct, they are not bound by state-court interpretations of such rules." *Grant v. Flying Bud Farms, LLC*, No. 22-CV-1, 2022 WL 2955147, at *3 (N.D. Okla. July 26, 2022). "Nonetheless, . . . the Court must apply standards developed under federal law, while attempting to avoid any

### B. *Rule 3.7(a): Whether AUSA Harley Is Disqualified Because He Is a Necessary Witness*

Defendant asserts that Rule 3.7(a) of the Oklahoma Rules of Professional Conduct precludes AUSA Harley, as a necessary witness at trial, from participating in Defendant's jury trial as a prosecutor. *See* Def.'s Mot. at 4. The Government responds that AUSA Harley should not be forced to testify at Defendant's trial, arguing that the testimony sought is irrelevant and privileged and that Defendant cannot make the showings required to call a prosecutor as a witness. *See* Gov't's Resp. (Doc. No. 54) at 5-8.

#### 1. *Whether Defendant Has Complied with the* <u>Touhy</u> *Regulations*

As an initial matter, the Government argues that because Defendant has failed to comply with the Department of Justice's *Touhy* regulations, AUSA Harley is currently barred from testifying at trial. *See* Gov't's Resp. at 4-5.

The Department of Justice ("DOJ") may promulgate regulations governing the conditions under which a DOJ employee may testify about work-related matters and produce or disclose departmental records and information. *See* 5 U.S.C. § 301. These regulations are found at 28 C.F.R. §§ 16.21 et seq. and are known as the *Touhy* regulations. *See U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462, 469 (1951) (upholding DOJ regulations regarding production or disclosure of departmental records and information). The *Touhy* regulations prohibit a DOJ attorney from revealing or furnishing certain material, testimony, or information without the DOJ's prior approval. *See* 28 C.F.R. § 16.23(a).

---

inconsistencies with state law that would create procedural difficulties for practitioners in Oklahoma." *Id.* (alterations, citation, and internal quotation marks omitted).

Regarding oral testimony by a DOJ attorney in a case in which the United States is a party, the regulations specifically provide:

> If oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter.

28 C.F.R. § 16.23(c). Failure to comply with the *Touhy* regulations when seeking the testimony of an AUSA warrants denial of a defendant's efforts to compel the testimony of the AUSA. *See United States v. Garcia*, No. 17-CR-21-01, 2017 WL 3401474, at *3 (N.D. Okla. Aug. 8, 2017).

Because the United States is a party and AUSA Harley is a DOJ employee, it is clear that the *Touhy* regulations apply to the testimony Defendant seeks from AUSA Harley. And because Defendant has not shown that he has taken any steps to comply with the *Touhy* regulations, any effort by Defendant to call or compel AUSA Harley to testify as a witness at trial will not be permitted until such time as Defendant does comply with those regulations. *See United States v. Allen*, 554 F.2d 398, 406 (10th Cir. 1977) (affirming the district court's refusal to require testimony by an AUSA when the defendant did not comply with the requirements of 28 C.F.R. § 16.23(c)); *see also United States v. Springer*, 444 F. App'x 256, 263-64 (10th Cir. 2011) (finding no Sixth Amendment violation when the defendants had failed to comply with *Touhy* regulations and were unable to subpoena employees of the DOJ and Internal Revenue Service due to that failure).

While this lack of compliance presents a significant practical problem for Defendant insofar as his argument that AUSA Harley is a necessary witness, the Court finds that Rule 3.7(a) would not require AUSA Harley's disqualification in any event.

### 2. Whether AUSA Harley Is a Necessary Witness

"The advocate-witness rule 'protects the integrity of the judicial process by: (1) eliminating the possibility that the lawyer will not be an objective witness, (2) reducing the risk that the finder of fact may confuse the roles of witness and advocate, and (3) promoting public confidence in a fair judicial system.'" *Bell v. City of Okla. City*, No. CIV-16-1084-D, 2017 WL 3219489, at *2 (W.D. Okla. July 28, 2017) (quoting *Jensen v. Poindexter*, 352 P.3d 1201, 1206 (Okla. 2015)). Rule 3.7(a) of the Oklahoma Rules of Professional Conduct articulates the advocate-witness rule as follows:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> 
> (1) the testimony relates to an uncontested issue;
> 
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> 
> (3) disqualification of the lawyer would work substantial hardship on the client.

ORPC 3.7(a) ("Lawyer as Witness"), Okla. Stat. tit. 5, ch. 1, app. 3-A, R. 3.7.

For purposes of Rule 3.7(a), courts narrowly define "necessary witness" to mean "a witness with knowledge of facts 'to which he will be the only one available to testify.'"

*Bell*, 2017 WL 3219489, at *2 (quoting *Macheca Transp. Co. v. Phila. Indem. Ins. Co.*, 463 F.3d 827, 833 (8th Cir. 2006)).

> It is not enough, for example, that a party's attorney had direct communications with the opposing party that are relevant to a claim or defense. "Testimony may be relevant and even highly useful, but still not strictly necessary." [*Macheca Transp. Co.*, 463 F.3d at 833]; *see also Mercury Vapor Processing Techs., Inc. v. Village of Riverdale*, 545 F. Supp. 2d 783, 789 (N.D. Ill. 2008) (disqualification depends, in part, on "whether other witnesses would be able to testify to the same matters").

*Bell*, 2017 WL 3219489, at *2. Crucially, as it relates to criminal prosecutions, "[i]t is well settled that the district court may decline to allow the defendant to call the prosecutor as a witness if it does not appear the prosecutor possesses information vital to the defense." *United States v. Wooten*, 377 F.3d 1134, 1143 (10th Cir. 2004) (internal quotation marks omitted); *see also United States v. Torres*, 503 F.2d 1120, 1126 (2d Cir. 1974) (holding that a federal prosecutor should not take the stand to impeach a government witness "unless it is unavoidably necessary"); *United States v. Prantil*, 764 F.2d 548, 554 (9th Cir. 1985) (explaining that in the Ninth Circuit a defendant must demonstrate a "compelling need" before a participating prosecutor will be permitted to testify).

Here, Defendant argues that AUSA Harley is a necessary witness because his testimony is required to explain the questions that he asked Defendant during Defendant's direct examination in the Whitehead trial, his treatment of Defendant as a hostile witness during that trial, and the audio recording that was played to impeach Defendant's testimony at trial. *See* Def.'s Mot. at 3. Defendant does not explain why such testimony is material to the defense, however. Establishing the fact of the alleged false declarations does not require AUSA Harley's testimony: these declarations were recorded in the trial transcript

and by the Court's audio recording system. *See* Order of July 8, 2024 (Doc. No. 52) (granting the Government's motion for a court order directing the Clerk of Court to produce audio recordings of Defendant's trial testimony). And testimony on the listed subjects would not prove or disprove the falsity of the alleged declarations.

Defendant has not identified any other relevant issue or otherwise explained why it would be helpful to the jury, much less vital to any defense of Defendant's, for AUSA Harley to explain his questions, his use of the audio recording, or his treatment of Defendant as a hostile witness. Moreover, the Court agrees with the Government that AUSA Harley's thought process and strategy regarding questions asked and decisions made during the Whitehead trial are likely privileged.

For these reasons, the Court finds that AUSA Harley is not a necessary witness in this case and is therefore not prohibited by Rule 3.7(a) of the Oklahoma Rules of Professional Conduct from acting as an advocate at trial in this matter.

> *C. Rule 1.7(a): Whether AUSA Harley Should Be Disqualified from Participating in This Case Due to a Conflict of Interest*

Defendant also asserts that AUSA Harley should be disqualified from this case pursuant to Rule 1.7 of the Oklahoma Rules of Professional Conduct, arguing that AUSA Harley is laboring under a concurrent conflict of interest. *See* Def.'s Mot. at 3-5. Rule 1.7(a) provides:

> [A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

ORPC 1.7(a) ("Conflict of Interest: Current Clients"), Okla. Stat. tit. 5, ch. 1, app. 3-A, R. 1.7(a).

Defendant has not shown that the circumstances of this matter present a conflict. As the Government points out, AUSA Harley is a federal prosecutor who only represents one client in all cases—the United States. Accordingly, AUSA Harley's representation of the United States in other cases does not materially limit his representation of that same client in this case. Further, Defendant has not identified any personal interest that AUSA Harley might have that would materially limit his representation of the United States in this matter. The Court therefore finds that AUSA Harley is not presently laboring under a concurrent conflict of interest warranting his disqualification under Rule 1.7 of the Oklahoma Rules of Professional Conduct. *See generally United States v. Bolden*, 353 F.3d 870, 878 (10th Cir. 2003) ("The disqualification of Government counsel is a drastic measure and a court should hesitate to impose it except where necessary." (internal quotation marks omitted)).

> *D. Whether the United States Attorney's Office for the Western District of Oklahoma Should Be Disqualified*

Finally, Defendant argues that the entire United States Attorney's Office for the Western District of Oklahoma should be disqualified from this case pursuant to Rule 1.10(a) of the Oklahoma Rules of Professional Conduct. *See* Def.'s Mot. at 4-5. Rule 1.10(a) provides:

> While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not represent a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

ORPC 1.10(a) ("Imputation of Conflicts of Interest: General Rule"), Okla. Stat. tit. 5, ch. 1, app. 3-A, R. 1.10(a).

Because the Court has concluded that AUSA Harley is not laboring under a conflict of interest, there is no conflict to impute to the other attorneys in his office under Rule 1.10(a). Accordingly, disqualification of the United States Attorney's Office for the Western District of Oklahoma is not warranted. *Cf. Bolden*, 353 F.3d at 878 ("[B]ecause disqualifying government attorneys implicates separation of powers issues, the generally accepted remedy is to disqualify a specific Assistant United States Attorney . . . . [E]very circuit court that has considered the disqualification of an entire United States Attorney's office has reversed the disqualification." (citation and internal quotation marks omitted)).

10

### E. Summary

For all the reasons explained above, the Court finds that disqualification of AUSA Harley and the United States Attorney's Office for the Western District of Oklahoma is not warranted in this case.

### III.   The Government's Motion to Quash

### A. Applicable Law

In its unopposed Motion, the Government moves to quash the subpoena that Defendant has served upon AUSA Harley. *See* Gov't's Mot. to Quash (Doc. No. 55); Doc. No. 48. Federal Rule of Criminal Procedure 17(a) authorizes the issuance of subpoenas ad testificandum (a subpoena commanding the attendance of a witness). "Unlike Rule 17(c) regarding subpoenas to produce documents, Rule 17(a) does not expressly provide for a motion to quash or limit the subpoena." *United States v. Keogh*, No. CR-17-290-D, 2022 WL 129443, at *1 (W.D. Okla. Jan. 12, 2022). "[F]ederal courts have held that '[r]oughly the same standard applies to subpoenas compelling the attendance of witnesses' and subpoenas under Rule 17(c)," however. *Id.* (second alteration in original) (quoting *Stern v. U.S. Dist. Ct.*, 214 F.3d 4, 17 (1st Cir. 2000)). In *United States v. Nixon*, 418 U.S. 683 (1974), the United States Supreme Court established that the proponent of a Rule 17(c) subpoena must satisfy three elements: (1) relevancy, (2) admissibility, and (3) specificity. *See id.* at 699-700. "As applied to a Rule 17(a) subpoena, 'a subpoena ad testificandum survives scrutiny if the party serving it can show that the testimony sought is both relevant and material.'" *Keogh*, 2022 WL 129443, at *1 (quoting *Stern*, 214 F.2d at 17).

11

"Thus, a district court has discretion to quash a Rule 17(a) subpoena '[w]here the testimony sought is cumulative or immaterial.'" *Id*. (alteration in original) (quoting *United States v. Bebris*, 4 F.4th 551, 559 (7th Cir. 2021)). "Further, where the proposed testimony would be inadmissible at trial under Rule 403 because it has minimal probative value that would be substantially outweighed by the risk of unfair prejudice or other consideration under Rule 403, a district court does not abuse its discretion by denying a subpoena to obtain the witness's testimony." *Id.* (citing *United States v. LeBeau*, 867 F.3d 960, 976 (8th Cir. 2017)).

   B. *Discussion*

The Government argues that the Rule 17(a) subpoena served upon AUSA Harley should be quashed because the testimony that Defendant seeks to elicit from AUSA Harley is irrelevant and privileged. *See* Gov't's Mot. to Quash at 4-7.[3] Defendant's Motion to Disqualify represents that AUSA Harley's testimony is required to explain the questions that he asked Defendant during Defendant's direct examination in the Whitehead trial, AUSA Harley's treatment of Defendant as a hostile witness, and the audio recording that was played to impeach Defendant. *See* Def.'s Mot. at 3.

---

[3] The Government also argues that the subpoena served upon AUSA Harley should be quashed because Defendant failed to comply with the *Touhy* regulations. Some courts have quashed subpoenas for failure to comply with *Touhy* regulations alone. *See, e.g.*, *United States v. Barringer*, No. 5:12-MJ-1803-1, 2013 WL 663713, at *3 (E.D.N.C. Feb. 22, 2013); *United States v. Chang*, No. 18-CR-00681, 2024 WL 3567006, at *2 (E.D.N.Y. July 29, 2024). But because the Court finds that it is proper to quash the subpoena on the basis that the testimony sought would be immaterial or cumulative, the Court does not decide whether the subpoena should be quashed for failure to comply with the *Touhy* regulations.

12

The Court finds that the testimony sought by the Rule 17(a) subpoena would be immaterial or cumulative. Again, AUSA Harley's testimony at best duplicates other, better evidence regarding the fact of the alleged false declarations. The referenced statements were recorded in the trial transcript and by the Court's audio recording system. And Defendant has not explained why testimony from AUSA Harley would prove or disprove that such declarations were false or any other fact material to the Government's case or any defense of Defendant.

For these reasons, the Court finds that the minimal probative value of AUSA Harley's potential trial testimony is substantially outweighed by one or more of the dangers articulated in Federal Rule of Evidence 403, specifically the risk of wasting trial time and presenting cumulative evidence. *See* Fed. R. Evid. 403. Consequently, the Rule 17(a) subpoena served upon AUSA Harley on or about June 28, 2024, shall be quashed. *See Keogh*, 2022 WL 129443, at *4 (quashing the subpoena of a former federal prosecutor where the testimony sought was irrelevant and inadmissible under Rule 403); *see also Wooten*, 377 F.3d at 1143.

## CONCLUSION

As outlined above, Defendant Tylin Rayshawn Childers' Motion to Disqualify (Doc. No. 50) is DENIED.

The Government's Motion to Quash (Doc. No. 55) is GRANTED, and the Rule 17(a) subpoena served upon AUSA Harley on or about June 28, 2024, is hereby QUASHED.

IT IS SO ORDERED this 27th day of August, 2024.

_____
CHARLES B. GOODWIN
United States District Judge