**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-24-102-G** |
| | ) | |
| **TYLIN RAYSHAWN CHILDERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>ORDER</u>**

Now before the Court is Defendant Tylin Rayshawn Childers' Unopposed Motion to Vacate Court's Order Severing Counts 1 and 2 for Trial (Doc. No. 58). The Motion represents that the Government does not oppose the relief requested. As announced at the docket call held on August 29, 2024, Defendant's Motion is denied.

The Court construes Defendant's Motion as a motion for the Court to reconsider its prior ruling finding that Count 1 and Count 2 of the Indictment were misjoined under Rule 8(a) of the Federal Rules of Criminal Procedure and severing the counts for trial. *See* Order of May 29, 2024 (Doc. No. 33). The Tenth Circuit has summarized the standards to be applied by a district court in evaluating a motion to reconsider a pretrial ruling in a criminal case:

> Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them. A district court should have the opportunity to correct alleged errors in its dispositions. A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. Specific grounds include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. A motion to reconsider should not be used to revisit

issues already addressed or advance arguments that could have been raised earlier.

*United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citations and quotation marks omitted).

Defendant has not identified an intervening change in law that warrants reconsideration of the Court's prior decision, alleged that there is new evidence available relevant to the issue of misjoinder, argued that the Court erred in finding that the counts were misjoined and should be severed for trial, or asserted that severance risks manifest injustice. Rather, Defendant simply states that he does not wish for Count 1 and Count 2 to be tried separately. *See* Def.'s Mot. (Doc. No. 58) at 3.

If, as here, charges are misjoined under Rule 8(a) of the Federal Rules of Criminal Procedure, the Court has no discretion on the issue of severance and must order separate trials of each count. *See, e.g.*, *United States v. Jakits*, No. 2:22-CR-194, 2023 WL 2431717, at *8 (S.D. Ohio Mar. 9, 2023) ("[I]f the requirements of Rule 8(a) are not met, courts have 'no discretion on the question of severance. Severance in such a case is mandatory.'" (quoting *United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir. 1982))). Because Defendant has identified no proper reason for the Court to reconsider its ruling on the issue of misjoinder, the instant Motion shall be denied.

CONCLUSION

As explained, Defendant Tylin Rayshawn Childers' Unopposed Motion to Vacate Court's Order Severing Counts 1 and 2 for Trial (Doc. No. 58) is DENIED.

IT IS SO ORDERED this 29th day of August, 2024.

CHARLES B. GOODWIN
United States District Judge