# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-24-102-G |
| | ) |
| TYLIN RAYSHAWN CHILDERS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is an Objection to Proposed 404(b) Evidence and Motion in Limine to Exclude the Government's 404(b) Evidence (Doc. No. 66), filed through counsel by Defendant Tylin Rayshawn Childers. The Government did not respond to the Motion in Limine within the time allowed by local rule. *See* LCrR 12.3.

*I.    Background*

On March 5, 2024, a federal grand jury returned an Indictment charging Defendant with two crimes. *See* Indictment (Doc. No. 1). Count One of the Indictment charges Defendant with making a false declaration before a court in violation of 18 U.S.C. § 1623(a) based on Defendant's allegedly false testimony on December 6, 2023, during the jury trial of Defendant's brother, Otis Whitehead. *See id.* at 1-2. Count Two of the Indictment charges that, on or about January 17, 2024, Defendant unlawfully possessed a firearm after having previously been convicted of a felony in violation of 18 U.S.C. 922(g)(1). *See id.* at 2-3. On May 29, 2024, the Court granted Defendant's Motion for

Severance (Doc. No. 14), severing Count One and Count Two of the Indictment for trial. *See* Order of May 29, 2024 (Doc. No. 33).

On August 30, 2024, the Government filed a Notice (Doc. No. 63) pursuant to Federal Rule of Evidence 404(b)(3). The Notice identifies the following as "[e]vidence of any other crime" that the Government intends to offer at trial to show Defendant's "knowledge" and "intent," as well as an "absence of mistake" and a "lack of accident":

> That on June 13, 2018, the Defendant pleaded guilty in the District Court of Oklahoma County, Oklahoma, case number CF-2017-7445, to possessing a firearm on December 8, 2017, after a former felony conviction in violation of 21 Okla. Stat. § 1283.

Fed. R. Evid. 404(b)(1), (2); Gov't's Notice (Doc. No. 63) at 1-4. Trial as to Count 2—the felon-in-possession charge—is set to begin on Thursday, September 19, 2024. At the jury selection held on Monday, September 16, 2024, the Government and Defendant represented to the Court that the parties had agreed to stipulate that 1) Defendant was a convicted felon before he possessed the firearm and 2) Defendant knew that he was a convicted felon at the time he possessed the firearm.

## II.   Applicable Law

A motion in limine is a "pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (emphasis and internal quotation marks omitted). It "is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143,

146 (10th Cir. 1995). A court's in limine rulings are preliminary and "subject to change as the case unfolds." *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

      III.     *Defendant's Motion in Limine*

Defendant's Motion in Limine objects that his prior felon-in-possession conviction should be excluded from evidence at trial. *See* Def.'s Mot. (Doc. No. 66) at 1-8. Specifically, Defendant argues that the Government improperly seeks to introduce his prior conviction for propensity purposes and that evidence of this prior conviction risks prejudicing Defendant and inflaming the jury against him. *See id.* at 4-8.

Federal Rule of Evidence 404(b) prohibits the admission of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* R. 404(b)(2). The following four factors govern the admissibility of evidence of other crimes, wrongs, or acts under Rule 404(b)(2): "(1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the court must give a proper limiting instruction, if it is requested by the defendant." *United States v. Moran*, 503 F.3d 1135, 1143 (10th Cir. 2007) (*citing Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).

In its Notice, the Government explains that Defendant's prior felon-in-possession conviction is offered to prove that Defendant had the requisite knowledge and intent to

possess a firearm on January 17, 2024, while knowing he was a convicted felon, and that it was by no mistake or accident that Defendant possessed the firearm and tossed it under his parked car shortly before his arrest. *See* Gov't's Notice at 3-7. Knowledge, intent, absence of mistake, and lack of accident are all proper purposes for which evidence of a prior crime may be offered under Rule 404(b)(2). *See* Fed. R. Evid. 404(b)(2); *see also Moran*, 503 F.3d at 1145. But even if an item of evidence is admissible under Rule 404(b)(2), it may be subject to exclusion under Federal Rule of Evidence 403. *United States v. Silva*, 889 F.3d 704, 712 (10th Cir. 2018); *see also Old Chief v. United States*, 519 U.S. 172, 180 (1997).

> Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "'Unfair prejudice' within its context means an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee note to 1972 proposed rules. "[A]s to a criminal defendant, [it] speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief*, 519 U.S. at 180. In deciding whether to exclude evidence under Rule 403, "consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction" and "[t]he availability of other means of proof." Fed. R. Evid. 403 advisory committee note to 1972 proposed rules.
>
> The district court has considerable discretion in performing the Rule 403 balancing test, but exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly. The district court need not expressly state whether the

4

probative value of the evidence substantially outweighed its potential for unfair prejudice where th[ose] determinations are supported by the record.

*Silva*, 889 F.3d at 712 (alterations in original) (citations and internal quotation marks omitted).

Having considered the parties' arguments, the Court concludes that, even assuming that evidence of Defendant's prior felon-in-possession conviction could be admissible for a proper purpose under Rule 404(b)(2) and is relevant, the probative value of such evidence "is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.

As to probative value, Defendant and the Government have agreed to a stipulation that "fully satisfies" the felon-status and knowledge-of-status elements of 18 U.S.C. § 922(g)(1). *Silva*, 889 F.3d at 715. This stipulation will "enable[ ] the government to 'satisfy the jurors' expectations about what proper proof should be.'" *Silva*, 889 F.3d at 715. And at this time, Government has not adequately shown that a conviction that occurred nearly six years ago, for which the underlying facts have not been provided, otherwise would significantly assist in proving any of the remaining elements of the charge. *See United States v. Jones*, No. CR-23-163-G, 2023 WL 5949416, at *2 (W.D. Okla. Sept. 12, 2023).

With respect to unfair prejudice, the Supreme Court has explained that in a § 922(g)(1) prosecution, "[w]here a prior conviction was for a gun crime or one similar to other charges in a pending case[,] the risk of unfair prejudice would be especially obvious." *Old Chief*, 519 U.S. at 185. In the instant case, the "name and nature" of Defendant's prior felon-in-possession conviction "turn[ ] the Rule 403 balance against the government."

5

*Silva*, 889 F.3d at 715; *see also Old Chief*, 519 U.S. at 180-81 (explaining that "unfair prejudice" "means an undue tendency to suggest decision on an improper basis" and such an improper basis includes "generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged (or, worse, as calling for preventive conviction even if he should happen to be innocent momentarily)" (internal quotation marks omitted)).  The Government's proposed evidence must be excluded under Rule 403 where, as here, "equally probative but less prejudicial alternative evidence—the stipulation of a prior felony conviction—[is] available." *Silva*, 889 F.3d at 713; *accord United States v. Tan*, 254 F.3d 1204, 1212 (10th Cir. 2001) ("In *Old Chief*, the Supreme Court held that where a defendant stipulates to the status of being a convicted felon in an 18 U.S.C. § 922(g) prosecution, evidence of the crime giving rise to the status will generally fail the Rule 403 balancing test.").  Accordingly, the Court concludes that Defendant's Motion in Limine should be granted at this time.

This ruling is, however, preliminary and "subject to change as the case unfolds." *Luce*, 469 U.S. at 41.  Specifically, the Government may seek to revisit the admissibility of Defendant's prior felon-in-possession conviction if, during the course of trial, this evidence becomes more probative on the issue of whether Defendant knowingly possessed the firearm.  *See Moran*, 503 F.3d at 1145.

CONCLUSION

As outlined above, Defendant's objection to the cited evidence is SUSTAINED at this time, and Defendant's Motion in Limine (Doc. No. 66) is preliminarily GRANTED.

IT IS SO ORDERED this 19th day of September, 2024.

_____
CHARLES B. GOODWIN
United States District Judge